UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,    ) | 3:25-CV-00709 (SVN) |
| *Plaintiff*,    ) | |
|     ) | |
| v.    ) | |
|     ) | |
| JOHN DOE, SUBSCRIBER ASSIGNED    ) | |
| IP ADDRESS 148.74.199.91,    ) | |
| *Defendant*.    ) | May 20, 2025 |

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

In this copyright infringement action, Plaintiff Strike 3 Holdings, LLC has filed a Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. ECF No. 10. Plaintiff alleges copyright infringement by an unknown individual utilizing a known Internet Protocol ("IP") address. Because Plaintiff claims it cannot otherwise ascertain the individual's identity, Plaintiff seeks a court order granting it leave to serve a third-party subpoena on CSC Holdings LLC ("Optimum Fiber"), the Internet Service Provider for the known IP address, prior to a conference between the parties as required by Federal Rule of Civil Procedure 26(f). Specifically, Plaintiff seeks to serve a subpoena commanding Optimum Fiber to provide to Plaintiff the name and address of the person assigned to the IP address 148.74.199.91.[1] The Court GRANTS Plaintiff's motion, subject to the limitations and protective order described below.

---

[1] Plaintiff's motion does not specify that it will seek disclosure of the subscriber assigned to IP address 148.74.199.91 only at the specific dates and times on which the allegedly copyrighted files were distributed by the unknown Defendant. As discussed below, the Court orders that the subpoena be limited in this manner.

I.    BACKGROUND

Plaintiff is the owner of various adult films distributed through DVDs and adult websites. Compl., ECF No. 1 ¶¶ 2–3. Plaintiff alleges that Defendant, styled John Doe and identified only by assigned IP address 148.74.199.91, has been committing copyright infringement. *Id.* ¶¶ 4–5, 12. Specifically, Plaintiff alleges that Defendant has used BitTorrent, "a system designed to quickly distribute large files over the Internet," to copy and distribute twenty-five of Plaintiff's films in violation of the United States Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* Compl. ¶¶ 4–6, 17; *id.* Ex. A, ECF No. 1-1 (list of works infringed).

Plaintiff alleges that it utilized geolocation technology to locate the physical address associated with Defendant's IP address within the District of Connecticut. *Id.* ¶ 9. Plaintiff further alleges that it owns and operates two infringement detection systems, which identified and downloaded certain BitTorrent files created by the unknown Defendant. *Id.* ¶¶ 27–44. Plaintiff then verified that those files contained digital copies of motion pictures that are "identical (or, alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted [w]orks." *Id.* ¶ 30. Accordingly, Plaintiff brought a one-count complaint of copyright infringement against the unknown Defendant. *Id.* ¶¶ 51–56. Although Plaintiff cannot serve the unknown Defendant with the complaint because it cannot identify Defendant beyond his or her IP address, Plaintiff alleges that Defendant's Internet Service Provider, Optimum Fiber, can identify Defendant through Defendant's IP address. *Id.* ¶ 5.

After filing its complaint, Plaintiff filed a motion to serve a third-party subpoena prior to a Rule 26(f) conference. ECF No. 10. Specifically, Plaintiff requests leave to serve a subpoena on Optimum Fiber, Defendant's Internet Service Provider, requiring it to disclose the personal identifying information associated with Defendant's IP address so that Plaintiff can "learn

Defendant's identity, investigate Defendant's role in the infringement, and effectuate service." Mem. in Supp. of Mot. for Leave to Serve Subpoena, ECF No. 11 at 5–6.

## II.    LEGAL STANDARD

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides, in relevant part:  "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."  "When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts apply a flexible standard of reasonableness and good cause." *Strike 3 Holdings, LLC v. Doe*, No. 3:17-CV-1680 (CSH), 2017 WL 5001474, at *2 (D. Conn. Nov. 1, 2017) (citation omitted).

The Second Circuit has adopted a five-part test for determining whether to grant a motion to quash a subpoena to preserve the objecting party's anonymity, which district courts in this Circuit have applied in determining whether good cause exists to grant a motion for expedited discovery to ascertain the identity of an unknown defendant. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (adopting test from *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004)); *Strike 3 Holdings*, 2017 WL 5001474, at *2.  The factors in the five-part test include:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

*Arista Records, LLC*, 604 F.3d at 119 (citation omitted).  "If [a]pplication of these principal factors confirms that the Plaintiff is entitled to the requested subpoena, the motion for early discovery will be granted for good cause." *Strike 3 Holdings*, 2017 WL 5001474, at *2 (citation and quotation marks omitted).

3

Moreover, if the service provider against whom the plaintiff seeks to serve the subpoena qualifies as a "cable operator" as defined by 47 U.S.C. § 522(5), the Court generally must issue a protective order requiring the service provider to comport with cable operator disclosure laws. Specifically, 47 U.S.C. § 551(c) prohibits a cable operator from disclosing personally identifiable information concerning any subscriber without consent. However, § 551(c)(2)(B) permits a cable operator to disclose such information "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]" Accordingly, a court that grants a motion to serve a third-party subpoena on a qualifying service provider prior to a Rule 26(f) conference generally must also order the service provider to issue a notice to the subscriber informing the subscriber of the court's order and providing the subscriber an opportunity to contest the subpoena. *See, e.g.*, *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242–43, 244 (S.D.N.Y. 2012); *Strike 3 Holdings*, 2017 WL 5001474, at *6–7; *Strike 3 Holdings, LLC v. Doe*, No. 3:21-CV-106-VLB, 2021 WL 6932974, at *2, *4 (D. Conn. Feb. 18, 2021); Order at 2, *Strike 3 Holdings, LLC v. Doe*, No. 3:21-cv-865-JAM (D. Conn. July 2, 2021), ECF No. 9.

### III. DISCUSSION

The Court addresses each of the *Sony Music/Arista Records* factors in turn and, ultimately, grants Plaintiff's motion, subject to certain limitations and the protective order described below.

The first factor requires Plaintiff to show a *prima facie* case of copyright infringement. *Strike 3 Holdings*, 2017 WL 5001474, at *2. Specifically, Plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff has alleged that it owns the twenty-five works at issue, all of which were distributed through Plaintiff's adult website brands *Blacked*, *Blacked Raw*, *MILFY*, *Slayed*, *Tushy*, *Tushy Raw*, and *Vixen*. Compl., Ex. A (list

4

of works infringed); Decl. of Jorge Arco, Ex. A, ECF No. 11-2 ¶ 14.  Plaintiff has also demonstrated that the works are registered with the United States Copyright Office by providing the registration number corresponding with each work.  Compl., Ex. A.

In addition, Plaintiff has made a plausible showing that wrongful "copying," namely, infringement of various exclusive rights it holds as the copyright owner of the works under 17 U.S.C. § 106, has occurred.  "A plaintiff makes a concrete, prima facie case of copyright infringement by alleging ownership of the registered copyright and alleging unlawful downloading, copying, and distribution of this work by specifying the type of technology used, the IP address from which the file was accessed and shared, and the date and time of the infringement."  *Strike 3 Holdings*, 2017 WL 5001474, at *3 (internal quotation marks omitted) (quoting *Malibu Media, LLC v. Doe*, No. 14-CV-4808 (JS) (SIL), 2016 WL 4574677, at *6 (E.D.N.Y. Sept. 1, 2016)).  Specifically, Plaintiff argues that its copyright detection system identified copyrighted titles within torrent websites and recorded infringing BitTorrent transactions and associated metadata in packet capture files.  ECF No. 11-2 ¶¶ 41, 45–46, 59–60.  Plaintiff's retained network analyst attests that the packet capture indicates that the IP address at issue in this case engaged in at least one of the copyright infringement BitTorrent transactions.  Decl. of Patrick Paige, Ex. B, ECF No. 11-1 ¶ 26.  Finally, Plaintiff's employee attests that she has reviewed Plaintiff's copyrighted films side-by-side with the digital files transmitted in the BitTorrent transactions and found that each torrented file is "identical, strikingly similar, or substantially similar to the original work[.]"  Decl. of Susan B. Stalzer, Ex. C, ECF No. 11-3 ¶ 11.  Accordingly, under these circumstances, Plaintiff has stated a *prima facie* case for copyright infringement.

The second factor, which requires a plaintiff to "narrowly tailor and specify the information sought by the discovery request," likewise weighs in favor of finding good cause to grant Plaintiff's motion. *See Strike 3 Holdings*, 2017 WL 5001474, at *3. This factor ensures "a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon [the defendant]." *Sony Music Ent. Inc.*, 326 F. Supp. 2d at 566. Plaintiff seeks only the name and address of the subscriber associated with Defendant's IP address, which is "highly specific" information. *Strike 3 Holdings*, 2017 WL 5001474, at *3 (citation and internal quotation marks omitted); ECF No. 11 at 10–11. As noted below, the subpoena should request identification of the subscriber of the IP address as to only those dates and times at which the copyrighted files were allegedly distributed by Defendant.

The third factor, which requires that a plaintiff lack alternative means to obtain the information, also weighs in favor of granting Plaintiff's motion. As in many cases involving copyright infringement resulting from illegal BitTorrent downloading, the only information Plaintiff has regarding Defendant is their IP address. *See, e.g.*, *Strike 3 Holdings*, 2017 WL 5001474, at *4 ("Because there is no public registry to provide the names of subscribers and their corresponding IP addresses, there is no alternate means by which Plaintiff can identify [the Defendant] absent the present subpoena." (citation and internal quotation marks omitted)); *Digital Sin, Inc.*, 279 F.R.D. at 241–42 ("Indeed, in all of the opinions and rulings in similar cases around the country, the Court has found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers."); ECF No. 11 at 11–12. Indeed, Plaintiff's retained network analyst attested that Defendant's Internet Service Provider "is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned" the IP address at issue. ECF No. 11-1 ¶ 28.

The fourth factor, which considers the plaintiff's "need for the subpoenaed information to advance the claim," also weighs in favor of granting Plaintiff's motion. *Sony Music Ent. Inc.*, 326 F. Supp. 2d at 565. As Plaintiff contends, ascertaining the identity and residence of Defendant "is critical to [Plaintiff's] ability to pursue litigation, for without this information, [Plaintiff] will be unable to serve process." *Id.* at 566; *see also Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151, 153 (D. Conn. 2008) ("Because learning the true identities of the pseudonymous individuals alleged to have violated Plaintiffs' copyrights is essential to their prosecution of this litigation, Plaintiffs have demonstrated their need for expedited discovery."); *Digital Sin, Inc.*, 279 F.R.D. at 242 ("Thus, without granting Plaintiff's request, the defendants cannot be identified or served and the litigation cannot proceed.").

The fifth and final factor, which considers Defendant's expectation of privacy, also weighs in favor of granting Plaintiff's motion. A cable or internet subscriber has only a "minimal expectation of privacy" with respect to the information the subscriber conveys to the service provider, such as the subscriber's IP address and identity. *Sony Music Ent. Inc.*, 326 F. Supp. 2d at 566; *see also Carpenter v. United States*, 138 S. Ct. 2206, 2219 (2018) (noting that, under the "third-party doctrine" in the Fourth Amendment context, "an individual has a reduced expectation of privacy in information knowingly shared with another"); *Strike 3 Holdings*, 2017 WL 5001474, at *5 (noting that there is no expectation of privacy in subscriber information disclosed to an Internet Service Provider, such as an IP address and the subscriber's identity, because such information is "voluntarily conveyed" to the third-party Internet Service Provider). Moreover, the Second Circuit has held that a defendant's "expectation of privacy for sharing copyrighted [material] through an online file-sharing network" is "simply insufficient to permit [them] to avoid having to defend against a claim of copyright infringement." *Arista Records, LLC*, 604 F.3d at

124; *see also Sony Music Ent. Inc.*, 326 F. Supp. 2d at 566 (noting that "defendants have little expectation of privacy in downloading and distributing copyrighted [material] without permission").

Some courts have noted that an unidentified defendant might have a heightened privacy interest in a context involving allegedly infringed adult copyrighted content, because of the potential for a "false positive" circumstance, in which an identified subscriber shares a device or IP address with the actual infringer. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 3:23-CV-1649 (OAW), 2024 WL 230321, at *4 (D. Conn. Jan. 22, 2024) (recognizing that "there is no guarantee that the subscriber of the IP address is, in fact, the John Doe defendant," and noting that the "risk of misidentification" contributes to a "heightened expectation of privacy"); *Strike 3 Holdings, LLC v. Doe*, No. 3:23-CV-1396 (MPS), 2023 WL 8086554, at *2–3 (D. Conn. Nov. 21, 2023) (recognizing the uncertainty over the "accuracy of [Plaintiff's] geolocation techniques," and noting that the geolocation technology used to identify the subscriber may sometimes "randomly assign [IP] addresses to some general location if it cannot more specifically identify another") (internal quotation marks omitted) (quoting *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 162 (D.D.C. 2018), *rev'd and remanded*, 964 F.3d 1203 (D.C. Cir. 2020)). Such a false positive could result in unwarranted embarrassment. *See, e.g.*, *Digital Sin, Inc.*, 279 F.R.D. at 242; *Strike 3 Holdings*, 2021 WL 6932974, at *3. Although this potential heightened privacy interest does not outweigh the other factors, the Court's protective order provides the unknown Defendant, once identified, an opportunity to raise any such issue with the Court.

Lastly, the Court recognizes that Plaintiff is a repeat player in this district and other districts across the country, filing pre-discovery motions of this nature. *See Strike 3 Holdings*, 2024 WL 230321, at *1 & n.1 (noting that Plaintiff has filed thousands of cases nationwide, and listing 173

cases initiated in this district). In general, these cases are voluntarily dismissed following a court's granting of a motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference. *See id.* This pattern, in addition to the nature of the content at issue, has led some courts to explicitly recognize that defendants "may feel coerced to settle these suits to prevent the public disclosure of their identifying information, even if they believe they have been misidentified." *See, e.g.*, *Strike 3 Holdings*, 2023 WL 8086554, at *1; *see also Strike 3 Holdings, LLC v. Doe*, No. 3:18 CV 1945 (JBA), 2019 WL 1122984, at *3 (D. Conn. Mar. 12, 2019) (recognizing that the volume and brief procedural history of Plaintiff's cases "is suggestive of coercive settlement practices"). Plaintiff avers that it does not "force anyone to settle unwillingly," or "seek settlements unless initiated by [a] defendant or their counsel," *see* ECF No. 11-2 ¶¶ 34, 36, and the Court does not question Plaintiff's good faith, but nonetheless agrees with those courts that have found that the general concerns outlined above warrant providing additional protections for the unknown Defendant. *See, e.g.*, *Strike 3 Holdings*, 2023 WL 8086554, at *3–4; *Strike 3 Holdings, LLC v. Doe*, No. 3:21-CV-00634, 2021 WL 2941145, at *2–3 (D. Conn. July 13, 2021); *Strike 3 Holdings, LLC v. Doe*, No. 19-CV-00945 (NGG) (RLM), 2019 WL 4752094, at *3–4 (E.D.N.Y. Sept. 30, 2019).

Therefore, after considering all the factors set forth in *Sony Music* and adopted by the Second Circuit in *Arista Records*, the Court finds that good cause exists to grant Plaintiff leave to serve a subpoena on Defendant's Internet Service Provider prior to the Rule 26(f) conference, subject to the conditions set forth below.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, ECF No. 10, for the purpose of

determining the identity of the alleged infringer, Defendant Doe. The Court further ORDERS as follows:

1. Plaintiff may immediately serve the Internet Service Provider, Optimum Fiber, with a Rule 45 subpoena to obtain the name and address of the subscriber to whom the provider assigned the IP address 148.74.199.91 on the dates and times set forth in the "UTC" column of Attachment A to the Complaint (ECF No. 1-1). Plaintiff shall attach a copy of the complaint and this Order to any such subpoena.

2. The Court recognizes Defendant's potential heightened privacy interest given the mature nature of the allegedly infringed material, as well as the potential application of 47 U.S.C. § 551(c)(2)(B) (relating to Internet subscriber privacy). The Court also recognizes that Defendant John Doe may not necessarily be the person who allegedly infringed, given the possibility that users other than the subscriber have used the IP address in question. **Accordingly, within thirty days from the date of service of the Rule 45 subpoena on it, the Internet Service Provider must serve the following to any and all subscriber(s) associated with IP address 148.74.199.91 during the identified time periods.** The Internet Service Provider may serve such subscriber(s) using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or via overnight service.

    a. A copy of the Complaint, this Order, and the subpoena; and

    b. Notice that the Internet Service Provider will comply with the subpoena and produce to Plaintiff the information sought in the subpoena unless, within thirty days of service of the subpoena on subscriber by the Internet Service Provider, the subscriber files a motion to quash the subpoena or for other appropriate

>    relief in this Court. If a timely motion to quash is filed, the Internet Service Provider shall not produce the subpoenaed information until the Court acts on the motion.

3. **Any subscriber served with the subpoena, Complaint, and Order shall have thirty days from the date of service upon him or her to file any motions with this Court to contest the subpoena,** as well as a motion to request to litigate the subpoena anonymously. The Internet Service Provider *shall not* disclose the subscriber's identifying information to Plaintiff before expiration of this thirty-day period. If the subscriber contests the subpoena within this thirty-day period, he or she shall so notify the Internet Service Provider, which shall then not disclose the subscriber's identifying information to Plaintiff without further order of the Court. After resolution of any motion relating to the subpoena, the Court will instruct the Internet Service Provider when it may, if ever, disclose the requested discovery to Plaintiff. The Internet Service Provider shall preserve any subpoenaed information pending resolution of any timely-filed motion to quash.

4. If the subscriber does not contest the subpoena within thirty days after the date of service of the Rule 45 subpoena and this Order upon them, **the Internet Service Provider shall have ten days to disclose the information responsive to the subpoena to Plaintiff.**

5. Plaintiff may use the information disclosed by the Internet Service Provider pursuant to this Order, namely, the subscriber's name and address, only for the purpose of this litigation, as set forth in its Complaint.

6. If Plaintiff reaches a settlement with Defendant before it effects service of the Complaint on Defendant under Federal Rule of Civil Procedure 4, it shall file on the docket, under seal, the terms of any such settlement agreement. Should plaintiff choose to dismiss this case for reasons other than settlement, it shall file a statement so indicating and identifying those reasons on the docket, in conjunction with its notice of dismissal.

**SO ORDERED** at Hartford, Connecticut, this 20th day of May, 2025.

/s/ Sarala V. Nagala
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE